STATE OF NEW YORK
SUPREME COURT :: COUNTY OF ERIE

**JUSTIN ZAHN**
10603 Miland Road
Clarence Center, New York 14032

**SARA ZAHN**
10603 Miland Road
Clarence Center, New York 14032

           Plaintiffs,

vs.

**GENERAL MOTORS, LLC**
c/o Corporation Service Company
80 State Street
Albany, New York 12207

           Defendant.

**SUMMONS Served With
VERIFIED COMPLAINT**

Index No.: _____

To the above named Defendant(s)

    **YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the Plaintiff's attorney, at the address stated below, a written Answer to the attached Complaint.

    If this Summons is served upon you within the State of New York by personal service you must respond within TWENTY (20) days after service, not counting the day of service. If this Summons is not personally delivered to you within the State of New York you must respond within THIRTY (30) days after service is completed, as provided by law.

    If you do not respond to the attached Complaint within the applicable time limitation stated above, a Judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

    This action is brought in the County of Erie because of:

[XX] Plaintiffs' residence, or place of business;
[ ] Defendant's residence;
[ ] Designation made by Plaintiff.

DATED:  September 17, 2018
Williamsville, NY

By: _____
Bradley J. Stamm, Esq.
STAMM LAW FIRM
Attorney for Plaintiffs
1127 Wehrle Drive, Suite 100
Williamsville, New York 14221

STATE OF NEW YORK
SUPREME COURT :: COUNTY OF ERIE

---

**JUSTIN ZAHN**
10603 Miland Road
Clarence Center, New York 14032

**SARA ZAHN**
10603 Miland Road
Clarence Center, New York 14032

    Plaintiffs,

vs.

**GENERAL MOTORS, LLC**
c/o Corporation Service Company
80 State Street
Albany, New York 12207

    Defendant.

---

**VERIFIED COMPLAINT**

  The Plaintiffs, JUSTIN ZAHN and SARA ZAHN, by their attorneys, Stamm Law Firm, for their Verified Complaint against the Defendant, GENERAL MOTORS, LLC, herein, alleges:

  1. That all times hereinafter mentioned, the Plaintiffs, JUSTIN ZAHN and SARA ZAHN, were and still are residents of Clarence Center hamlet, County of Erie, and State of New York.

  2. Upon information and belief, at all times hereinafter mentioned, the Defendant, GENERAL MOTORS, LLC, is a foreign limited liability company duly organized and existing pursuant to the laws of the State of Delaware and is authorized to conduct business in the State of New York with a registered agent address c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

  3. On or about July 21, 2017, the Plaintiff, JUSTIN ZAHN, was present at a location near 10603 Miland Road, Clarence Center, New York 14032 and he was attempting to change

the right passenger rear tire on his 2003 Cadillac Escalade, VIN Number 1GYEK63N23R119138, with a tire jack provided by the Defendant, GENERAL MOTORS, LLC. Said jack and its accessories came with the vehicle at the time it was purchased by the Plaintiff.

4.  On said date and time, the tire jack gave way causing the Plaintiff's vehicle to come down and fall upon the Plaintiff causing him severe injuries as hereinafter set forth.

5.  Said incident and the injuries resulting therefrom were caused solely by the reason of the negligence, carelessness, and recklessness of the Defendant, GENERAL MOTORS, LLC, their agents, servants, employees, subcontractors and/or representatives, who were acting within the course and scope of their employment, which include, but are not limited to, the following: creating and allowing a hazardous and unsafe condition to exist in their products that they provided with the vehicle to change tires; failing to observe said dangerous and hazardous condition; failing to properly manufacture a tire jack without a defective component or condition; failure to properly design a safe tire jack and its component parts; failure to properly advise and warn the Plaintiff of the proper use of the tire jack and its component parts; failure to properly advise and warn the Plaintiff that said tire jack and its component parts had a dangerous and hazardous condition even though the manufacturer knew it to be unsafe and potentially hazardous; their failure to remedy the dangerous and hazardous condition of the tire jack and its component parts thereby allowing a defective and dangerous component to be used in the tire jack; their failure to design, use and implement a less dangerous product and component parts thereby allowing a defective and dangerous product and component parts to be used in the tire jack; their failure to use reasonable care and skill during the manufacturing process and design of the tire jack; their failure to properly inspect and test the component parts of the tire jack while

on actual and constructive notice; negligently providing a defective and unsafe tire jack to the Plaintiff; negligently providing a tire jack that was unfit for the vehicle type it was provided for; and otherwise acting negligently, carelessly, and recklessly.

6. Solely by reason of the accident described herein and the negligence, carelessness, and recklessness of the Defendant, GENERAL MOTORS, LLC, the Plaintiff, JUSTIN ZAHN, suffered severe and serious injuries and was rendered sick, sore, lame and disabled and so remains, having suffered, among other things: severe head injury; severe pain in upper torso area; severe jaw injury requiring his mouth to be surgically wired shut; severe left ear laceration requiring surgical intervention; severe mental anguish; and physical pain and suffering. All of the aforementioned injuries are debilitating and disabling in nature and are of a nature which the Plaintiff, JUSTIN ZAHN, has suffered and will continue to suffer from for the remainder of his life.

7. All of these injuries have resulted in grievous pain and suffering, have required and will in the future require medical intervention and are believed to be permanent in nature.

8. As a result of the negligence, carelessness, and recklessness of the Defendant, Plaintiff, JUSTIN ZAHN, has been caused to sustain severe damages in an amount to be later determined by the Court.

9. The judgment demanded for in this cause of action exceeds the jurisdictional limits of any other court that would otherwise have jurisdiction.

**AS AND FOR A SECOND SEPARATE AND
DISTINCT CAUSE OF ACTION, THE PLAINTIFFS,
JUSTIN ZAHN AND SARA ZAHN, HEREIN ALLEGE:**

10. The Plaintiffs repeat and reallege paragraphs "1" through "9" as if fully set forth herein.

11. The Defendant, GENERAL MOTORS, LLC, is liable to the Plaintiff for failing to warn the Plaintiff of the dangerous, hazardous, and unsafe condition which existed with the tire jack and its component parts.

12. On or about July 21, 2017, the Plaintiff, JUSTIN ZAHN, was at a location near 10603 Miland Road, Clarence Center, New York 14032 and he was attempting to change the right passenger rear tire on his vehicle with a tire jack provided by the Defendant, GENERAL MOTORS, LLC. Said jack and its accessories came with the vehicle at the time it was purchased by the Plaintiff. On said date and time, the tire jack gave way causing the Plaintiff's vehicle to come down and fall upon the Plaintiff creating an unreasonable risk of harm and causing severe injuries to the Plaintiff.

13. As a result of this failure to warn, the Plaintiff, JUSTIN ZAHN, suffered serious injuries and was rendered sick, sore, lame, disabled and so remains, having suffered, among other things: severe head injury; severe pain in upper torso area; severe jaw injury requiring his mouth to be surgically wired shut; severe left ear laceration requiring surgical intervention; severe mental anguish; and physical pain and suffering.

14. All of these injuries have resulted in grievous pain and suffering, mental pain and anguish and are believed to be permanent in nature.

15. As a result of the failures of the Defendant, the Plaintiff, JUSTIN ZAHN, has suffered and continues to suffer both physically and mentally, which are damages in a sum to be determined.

16. The judgment demanded in this cause of action exceeds the jurisdictional limits of any other court that would otherwise have jurisdiction.

AS AND FOR A THIRD, SEPARATE AND
DISTINCT CAUSE OF ACTION,
THE PLAINTIFFS, JUSTIN ZAHN AND SARA ZAHN,
HEREIN ALLEGE:

17. The Plaintiffs repeat and reallege paragraphs "1" through "16" as if fully set forth herein.

18. The Defendant, GENERAL MOTORS, LLC, is liable to the Plaintiff under a theory of strict liability based upon the product's defective design.

19. On or about July 21, 2017, the Plaintiff, JUSTIN ZAHN, was at a location near 10603 Miland Road, Clarence Center, New York 14032 and he was attempting to change the right passenger rear tire on his vehicle with a tire jack provided by the Defendant, GENERAL MOTORS, LLC. Said jack and its accessories came with the vehicle at the time it was purchased by the Plaintiff. On said date and time, the tire jack gave way causing the Plaintiff's vehicle to come down and fall upon the Plaintiff which was designed defectively and could have and should have been designed in a safer and more reasonable manner which would have avoided the accident.

20. As a result of the product's defective design, the Plaintiff, JUSTIN ZAHN, suffered serious injuries and was rendered sick, sore, lame, disabled and so remains, having suffered, among other things: severe head injury; severe pain in upper torso area; severe jaw injury requiring his mouth to be surgically wired shut; severe left ear laceration requiring surgical intervention; severe mental anguish; and physical pain and suffering.

21. All of these injuries have resulted in grievous pain and suffering, mental pain and anguish and are believed to be permanent in nature.

22. As a result of the failures of the Defendant, the Plaintiff, JUSTIN ZAHN, has suffered and continues to suffer both physically and mentally, which are damages in a sum to be determined.

23. The judgment demanded in this cause of action exceeds the jurisdictional limits of any other court that would otherwise have jurisdiction.

### AS AND FOR A FOURTH, SEPARATE AND DISTINCT CAUSE OF ACTION, THE PLAINTIFFS, JUSTIN ZAHN AND SARA ZAHN, HEREIN ALLEGE:

24. The Plaintiffs repeat and reallege paragraphs "1" through "23" as if fully set forth herein.

25. The Defendant, GENERAL MOTORS, LLC, is liable to the Plaintiff under a theory of strict liability based upon the tire jack being manufactured with a defect. Said manufacturing defect is the tire jack which was manufactured by the Defendant, GENERAL MOTORS, LLC, and was caused to collapse, and must have been defectively built and/or constructed. This defect in the manufacturing of the tire jack caused the Plaintiff, JUSTINE ZAHN, to sustain serious injuries.

26. As a result of the tire jack being manufactured with a defect, the Plaintiff, JUSTIN ZAHN, suffered serious injuries and was rendered sick, sore, lame, disabled and so remains, having suffered, among other things: severe head injury; severe pain in upper torso area; severe jaw injury requiring his mouth to be surgically wired shut; severe left ear laceration requiring surgical intervention; severe mental anguish; and physical pain and suffering.

27. All of these injuries have resulted in grievous pain and suffering, mental pain and anguish and are believed to be permanent in nature.

28. As a result of the failures of the Defendant, the Plaintiff, JUSTIN ZAHN, has suffered and continues to suffer both physically and mentally, which are damages in a sum to be determined.

29. The judgment demanded in this cause of action exceeds the jurisdictional limits of any other court that would otherwise have jurisdiction.

## AS AND FOR A FIFTH, SEPARATE AND DISTINCT CAUSE OF ACTION, THE PLAINTIFFS, JUSTIN ZAHN and SARA ZAHN, HEREIN ALLEGE:

30. The Plaintiffs repeat and reallege paragraphs "1" through "29" as if fully set forth herein.

31. The Defendant, GENERAL MOTORS, LLC, is liable to the Plaintiff under a theory of a breach of the implied warranty of fitness for a product's intended purpose.

32. When the tire jack was constructed/manufactured by the Defendant, GENERAL MOTORS, LLC, and then provided to the Plaintiff with the purchase of the 2003 Cadillac Escalade, at that time, the Defendant was aware, or should have been aware in the exercise of reasonable care, that the tire jack was not fit for the intended purpose, said purpose being that the tire jack would work without malfunction and without causing the Plaintiff to sustain injuries. Said product was not fit for its intended purpose.

33. As a result of a breach of the implied warranty, the Plaintiff, JUSTIN ZAHN, suffered serious injuries and was rendered sick, sore, lame, disabled and so remains, having suffered, among other things: severe head injury; severe pain in upper torso area; severe jaw injury requiring his mouth to be surgically wired shut; severe left ear laceration requiring surgical intervention; severe mental anguish; and physical pain and suffering.

34. All of these injuries have resulted in grievous pain and suffering, mental pain and anguish and are believed to be permanent in nature.

35. As a result of this breach of warranty, the Plaintiff, JUSTIN ZAHN, has suffered and continues to suffer both physically and mentally, which are damages in a sum to be determined.

36. The judgment demanded in this cause of action exceeds the jurisdictional limits of any other court that would otherwise have jurisdiction.

## AS AND FOR A SIXTH, SEPARATE AND DISTINCT CAUSE OF ACTION, THE PLAINTIFFS, JUSTIN ZAHN and SARA ZAHN, HEREIN ALLEGE:

37. Plaintiffs repeat and reallege paragraphs "1" through "36" as if fully set forth herein.

38. Plaintiff, JUSTINE ZAHN, was married at all times herein to the Plaintiff, SARA ZAHN, and together they lived as husband and wife.

39. As a result of the negligence and carelessness of the Defendant, GENERAL MOTORS, LLC, and the resulting injuries sustained by the Plaintiff, JUSTIN ZAHN, the Plaintiff, JUSTIN ZAHN, has been unable to assist Plaintiff, SARA ZAHN, in his normal household and companionship duties.

40. Plaintiff, SARA ZAHN, alleges loss of services and loss of consortium from her husband, and other losses provable in this, her derivative cause of action, all to her damage in a sum to be determined.

41. The judgment demanded for in this cause of action exceeds the jurisdictional limits of any other court that would otherwise have jurisdiction.

WHEREFORE, the Plaintiffs, JUSTIN ZAHN and SARA ZAHN, demand judgment against the Defendant, GENERAL MOTORS, LLC, on their First Cause of Action in an amount sufficient to compensate them for all injuries and damages suffered by reason of the Defendant's acts and/or omissions; on their Second Cause of Action in an amount sufficient to compensate them for all injuries and damages suffered by reason of the Defendant's acts and/or omissions; on their Third Cause of Action in an amount sufficient to compensate them for all injuries and damages suffered by reason of the Defendant's acts and/or omissions; on their Fourth Cause of Action in an amount

sufficient to compensate them for all injuries and damages suffered by reason of the Defendant's acts and/or omissions; on their Fifth Cause of Action in an amount sufficient to compensate them for all injuries and damages suffered by reason of the Defendant's acts and/or omissions; and on their Sixth Cause of Action in an amount sufficient to compensate them for all injuries and damages suffered by reason of the Defendant's acts and/or omissions, plus interest together with the costs and disbursements of this action.

DATED:   September 17, 2018
         Williamsville, NY

                                        Yours, etc.

                                        By:_____
                                        Bradley J. Stamm, Esq.
                                        STAMM LAW FIRM
                                        Attorneys for Plaintiffs
                                        1127 Wehrle Drive, Suite 100
                                        Williamsville, NY 14221
                                        (716)631-5767

STATE OF NEW YORK          }
COUNTY OF ERIE             } ss.:               INDIVIDUAL VERIFICATION
TOWN OF AMHERST            }

    JUSTIN ZAHN and SARA ZAHN, being duly sworn, depose and say: that deponents are the Plaintiffs in the within action; that deponents have read the foregoing Verified Complaint and know the contents thereof; that the same is true to deponents' own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, deponents believe it to be true.

_____
JUSTIN ZAHN

_____
SARA ZAHN

Sworn to before me this 17
day of SEPTEMBER, 2018.

_____
Notary Public State of New York
My commission expires 2-13-22
Originally qualified in ERIE County.

DIANA MARIE KUBISTY
No. 01KU6140512
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 02/13/2022